UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


WILLIE STEVERSON,

                    Plaintiff,

vs.

                                        Case No. 3:14-cv-1332-J-39JBT
SERGEANT MERCER, et al.,

                    Defendants.
_____

**ORDER**

**I.  Status**

        This cause is before the Court on Defendant C. O. Strohl's
Motion to Dismiss Plaintiff's Complaint (Strohl's Motion) (Doc.
13)[1] and Defendant Sergeant Mercer and C. O. Brooks' Motion to
Dismiss Plaintiff's Complaint (Defendants' Motion) (Doc. 18).  See
Order (Doc. 6).  Plaintiff responded to Strohl's Motion.  See
Plaintiff's Response (Response) (Doc. 20).  He also responded to
Defendants' Motion.  See Plaintiff's Response (Doc. 26).

        Plaintiff is proceeding pro se on a civil rights Complaint
(Complaint) (Doc. 1) pursuant to 42 U.S.C. § 1983.  He filed the
Affidavit of LaShaun F. Bullard (Affidavit) (Doc. 3) in support of
his Complaint.

_____

        [1] In this opinion, the Court references the document and page
numbers designated by the electronic filing system.

## II.  Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

The Court finds there is no Eleventh Amendment immunity issue because Plaintiff clearly states that this action is brought against the Defendants in their individual capacities.  Complaint at 1.  Construing the Complaint liberally as this Court must, Plaintiff has "nudged [his] claims across the line from conceivable to plausible[.]" Twombly, 550 U.S. at 570.  He has presented allegations sufficient to give rise to Eighth Amendment excessive force and deliberate indifference claims.  This Court must be mindful of he fact "that the focus of the inquiry is on the nature of the force applied, not the extent of injury." Hall v. Bennett,

2

447 F. App'x 921, 923-24 (11th Cir. 2011) (per curiam) (citing Wilkins v. Gaddy, 559 U.S. 34, 1178 (2010)).

### III.   Exhaustion of Administrative Remedies

Defendants move to dismiss the action pursuant to 42 U.S.C. § 1997e(a).   Strohl's Motion at 4-6; Defendants' Motion at 4-6. Defendants contend that Plaintiff failed to raise the issues alleged in this lawsuit in any grievances and did not avail himself of the grievance process with regard to his claim that the Defendants beat him and refused him medical attention on September 18, 2014.   See Strohl's Composite Exhibit A (Doc. 13-1); Defendants' Composite Exhibit A (Doc. 18-1).

Exhaustion of available administrative remedies is required before a 42 U.S.C. § 1983 action with respect to prison conditions by a prisoner may be initiated in this Court.   Indeed, the Eleventh Circuit recently provided the following guidelines:

> Before a prisoner may bring a prison-conditions suit under § 1983, the Prison Litigation Reform Act of 1995 requires that he exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); see also Booth v. Churner, 532 U.S. 731, 736, 121 S.Ct. 1819, 1822, 149 L.Ed.2d 958 (2001). The purpose of the PLRA's exhaustion requirement is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387, 165 L.Ed.2d 368 (2006) (quotation omitted). To properly exhaust, a prisoner must "[c]ompl[y] with prison grievance procedures." Jones v. Bock, 549 U.S. 199, 218, 127 S.Ct. 910, 922-23, 166 L.Ed.2d 798 (2007).

3

Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1208 (11th Cir. 2015).

There is a two-step process for resolving motions to dismiss relying on assertions of failure to exhaust administrative remedies:

> After a prisoner has exhausted the grievance procedures, he may file suit under § 1983. In response to a prisoner suit, defendants may bring a motion to dismiss and raise as a defense the prisoner's failure to exhaust these administrative remedies. See Turner,[2] 541 F.3d at 1081. In Turner v. Burnside we established a two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust. 541 F.3d at 1082. First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. Id. Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust. Id. at 1082-83; see also id. at 1082 (explaining that defendants bear the burden of showing a failure to exhaust).

Whatley, 802 F.3d at 1209.

Defendants contend that Plaintiff has not exhausted his administrative remedies.   Exhaustion of available administrative remedies is "a precondition to an adjudication on the merits" and is mandatory under the Prison Litigation Reform Act.   Bryant v.

---

[2] Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008).

Rich, 530 F.3d 1368, 1374 (11th Cir.), cert. denied, 555 U.S. 1074 (2008); Jones v. Bock, 549 U.S. 199, 211 (2007); Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (citation omitted). The Supreme Court has stated that "failure to exhaust is an affirmative defense under the PLRA[.]" Jones v. Bock, 549 U.S. at 216. However, "the PLRA exhaustion requirement is not jurisdictional[.]" Woodford v. Ngo, 548 U.S. at 101. See Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008) (recognizing that the defense "is not a jurisdictional matter").

If a prisoner does not completely exhaust his remedies prior to initiating a suit in federal court, the complaint must be dismissed. This is true even if the inmate thereafter exhausts his administrative remedies after initiating his action in federal court. See Oriakhi v. United States, 165 F. App'x 991, 993 (3d Cir. 2006) (per curiam); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam); Medina-Claudio v. Rodriquez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999).

Moreover, "the PLRA exhaustion requirement requires proper exhaustion." Woodford, 548 U.S at 93.

> Because exhaustion requirements are designed
> to deal with parties who do not want to
> exhaust, administrative law creates an
> incentive for these parties to do what they
> would otherwise prefer not to do, namely, to
> give the agency a fair and full opportunity to
> adjudicate their claims. Administrative law
> does this by requiring proper exhaustion of
> administrative remedies, which "means using
> all steps that the agency holds out, and doing
> so properly (so that the agency addresses the
> issues on the merits)." Pozo,[3] 286 F.3d, at
> 1024. . . .

Id. at 90. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Id.

In the first step of the analysis, in analyzing the Complaint, the Court recognizes that Plaintiff is not required to plead exhaustion, and did not do so; therefore, the Complaint is not subject to dismissal on its face. In this case, there are disputed issues of fact as to whether Plaintiff exhausted his administrative remedies. Thus, the Court must now make findings on the disputed issues of fact to decide whether administrative remedies were available to Plaintiff, and if so, whether he properly exhausted his administrative remedies.[2]

---

[3] Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir.), cert. denied, 537 U.S. 949 (2002).

[2] Since the parties have not requested an evidentiary hearing on this issue and they have submitted evidence for the Court's consideration, the Court proceeds to resolve the material questions of fact based on the documents before the Court. Bryant, 530 F.3d 1377 n.16 (recognizing that a district court may resolve material questions of fact on the submitted papers when addressing the Prison Litigation Reform Act's exhaustion of remedies requirement).

The Florida Department of Corrections provides an internal grievance procedure. <u>See</u> Chapter 33-103, Florida Administrative Code (F.A.C.). Thus, to determine whether Plaintiff exhausted his administrative remedies, this Court must examine the relevant documents to determine whether the incidents in question were grieved. If these incidents were grieved and the documents complied with the deadlines and other procedural rules as set forth in the F.A.C., the issues raised therein are exhausted.

In his response to Strohl's Motion, Plaintiff mentions that he filed several grievances about the conditions of his confinement between June and August 2014, including a formal grievance dated September 18, 2014, appealing the decision of several informal grievances. Response at 1; <u>see</u> Plaintiff's Exhibit A (Doc. 20-1). He does not, however, assert that any of these grievances exhausted his administrative remedies with respect to his allegations that Defendants Mercer, Brooks and Strohl beat him and denied him medical care on September 18, 2014.

Upon review, Plaintiff's Request for Administrative Remedy or Appeal directed to the Warden dated September 18, 2014, concerns a complaint against Officer Strohl for using profane and abusive language. Plaintiff's Exhibit A at 1 (Doc. 20-1). Plaintiff specifically states that he is "writing Officer Strohl, up because all (she) do is contive [sic] to use profane and abusive language in dealing with inmate [sic] as myself." <u>Id</u>. Plaintiff then

quotes a specific instance of Strohl's alleged use of profanity. Id. There is no mention made of a beating and denial of medical care on September 18, 2014 by Defendants Strohl, Mercer and Brooks within this grievance appeal. The prison administration's September 23, 2014 response to this appeal states:

> Your appeal has been reviewed and evaluated. The issue of your complaint has been referred to the investigative section of the Office of the Inspector General for appropriate action. Upon completion of necessary action, information will be provided to appropriate administrators for final determination and handling. This may or may not result in a personal interview with you.
>
> An action has been initiated, you may consider your appeal approved from that standpoint. This does not constitute substantiation of your allegations.

Plaintiff's Exhibit A at 2 (Doc. 20-1).

Given these facts, the September 18, 2014, grievance appeal did not exhaust administrative remedies with respect to Plaintiff's claim that Defendants Mercer, Brooks and Strohl beat him and refused him medical attention on September 18, 2014. But, that is not the end of this Court's inquiry. Plaintiff alleges that he filed an emergency grievance addressed to the Secretary of the Florida Department of Corrections on September 20, 2014 pertaining to the physical abuse by Strohl, Mercer and Brooks, and he states that he never received the grievance back.[3] Response at 1. This

---

[3] Plaintiff does not mention that he ever grieved the issue of the officers' refusal to obtain him medical attention.

8

assertion creates a factual dispute as Defendants, taking a contrary position, assert that Plaintiff never grieved the incident and urge this Court to find that the institutional records demonstrate that Plaintiff never grieved the incident.   See Composite Exhibit A (Docs. 13-1 & 18-1), Certification of Authenticity of Records of Regularly Conducted Activity (Certification).

Of initial significance, Plaintiff fails to explain why he would have appealed the matter of Strohl's profane and abusive language on the date of the alleged beating incident without including or filing an additional grievance claiming he had been beaten and denied medical care on that date, a significantly more serious and egregious incident than being subjected to verbal abuse.   In stark contrast, Defendants provide record evidence that Plaintiff did not grieve the alleged beating and denial of medical care: the grievance logs.   Also of import, Plaintiff's grievances were routinely processed, as shown by the Certification and grievance logs, and Plaintiff provides no explanation as to why this purported grievance of physical abuse was never processed or returned.   Finally, Plaintiff offers no explanation as to why he did not inquire about the status of the alleged unprocessed grievance, particularly in light of the seriousness of his allegations.

The Court believes that if Plaintiff had grieved the alleged beating and denial of medical care, he would have raised it on September 18, 2014, the date of the incident, particularly since he claims he was coughing up blood, in severe pain, and the Defendants refused him medical attention.  Complaint at 8.  Instead, Plaintiff alleges that he waited until September 20, 2014, two days later, to file what he describes as an emergency grievance that was never returned.  Plaintiff failed to submit any documents showing that he "filed" an emergency grievance on September 20, 2014 regarding the alleged physical assault by the officers.  For comparison, the Court notes that Defendants provided a detailed log of grievances that Plaintiff submitted and were processed by the corrections authorities.  These logs do not include a grievance filed September 20, 2014.

Based on all reasonable inferences, Plaintiff had access to the grievance process, he frequently used the process, and his grievances were processed.  The Court therefore finds that the administrative process was available to Plaintiff, he knew how to utilize the grievance process as evidenced by his frequent use of it, he failed to file a grievance claiming that Defendants Mercer, Brooks, and Strohl, on September 18, 2014, beat him and denied him medical care, and he failed to fully exhaust his administrative remedies.

In light of the above, Plaintiff failed to exhaust his administrative remedies before filing a lawsuit to seek judicial redress. Therefore, the Court concludes that the motions to dismiss should be granted to the extent that Defendants Mercer, Brooks and Strohl be dismissed from this action without prejudice. Additionally, the case should be dismissed without prejudice so that Plaintiff may exhaust his available administrative remedies prior to initiating a new action in this Court. Simply put, exhaustion of available administrative remedies is required before a 42 U.S.C. § 1983 action with respect to prison conditions by a prisoner may be initiated in this Court, and Plaintiff failed to avail himself of this process.

Therefore, it is now

**ORDERED:**

1. Defendant C. O. Strohl's Motion to Dismiss Plaintiff's Complaint (Doc. 13) and Defendant Sergeant Mercer and C. O. Brooks' Motion to Dismiss Plaintiff's Complaint (Doc. 18) are **GRANTED** with respect to the request to dismiss the action pursuant to 42 U.S.C. § 1997e(a). In all other respects, the Motions are **DENIED**.

2. **Defendants C. O. Strohl, Sergeant Mercer, and C. O. Brooks** are **DISMISSED without prejudice** from this action.

11

3.   This   case   is   **DISMISSED**   **without**   **prejudice**   so   that

Plaintiff may exhaust his available administrative remedies prior

to initiating a new action in this Court.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of

December, 2015.

_____

BRIAN J. DAVIS

United States District Judge

sa 12/17
c:
Willie Steverson
Counsel of Record

12